CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) |
| | ) |
| Petitioner, | ) Case No. 7:11CV00161 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Christopher Dean Hubbard, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement pursuant to the December 2009 judgment of the Henry County Circuit Court. Upon review of the record, the court finds that the petition must be summarily dismissed because Hubbard has not exhausted available state court remedies.[1]

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, after the time for direct appeal of the Court of Appeals' judgment has expired, an inmate can exhaust his state court remedies in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code

---

[1] Hubbard filed an earlier § 2254 petition challenging this same conviction, which was dismissed without prejudice for failure to exhaust state court remedies. See Hubbard v. Commonwealth, Case No. 7:11CV00100 (W.D. Va. March 29, 2011).

Ann. § 8.01-654(a)(1); § 17.1-411. In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the merits of his claims under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Hubbard alleges that he was found guilty without evidence of being a habitual offender.[2] His description of his litigation history reflects that he has not presented any of his current habeas claims to the Supreme Court of Virginia on appeal or through state court habeas proceedings.[3] Electronic records of the Henry County Circuit Court and the Supreme Court of Virginia, which are available online,[4] reflect that Hubbard has not filed any appeal or habeas petition in the Supreme Court of Virginia and that he did not pursue a habeas petition in the Henry County Circuit Court before submitting this federal petition. Under state law, Hubbard could still file a state court habeas petition. See Va. Code Ann. § 8.01-654(A)(2) (allowing state habeas petition to be filed within two years from date of final judgment in trial court or within one year from final order on direct appeal, whichever is later).

---

[2] Other than the alleged lack of evidence presented in the Henry County trial, Hubbard makes no clear statement of the claims on which he seeks habeas relief. He is advised that if he pursues a habeas petition in state court, as required before this court can address his claims, he must clearly state the grounds on which he believes his confinement is wrongful.

[3] Hubbard asserts that he "appealed" the judgment to the Henry County Circuit Court and then to the United States District Court for the Western District of Virginia. However, in the Virginia court system, a Circuit Court judgment is appealable only to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411. Therefore, Hubbard's pursuit of a habeas action in this court is not an "appeal" and does not satisfy the requirements in § 2254(b).

[4] Electronic records of these state courts are available online at: http://wasdmz2.courts.state.va.us/CJISWeb/Logoff.do

In short, it is clear that Hubbard's current claims have not been presented to or adjudicated by the Supreme Court of Virginia. Because he could still file a timely <u>habeas</u> petition regarding this conviction, he has available state court remedies, and until he exhausts these remedies, this court cannot consider his <u>habeas</u> claims on the merits or grant <u>habeas</u> relief. Accordingly, the court must dismiss his federal petition without prejudice.[5] <u>See Slayton v. Smith</u>, 404 U.S. 53, 54 (1971) (finding that § 2254 <u>habeas</u> petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This ___12th___ day of April, 2011.

_____
Chief United States District Judge

---

[5] The petitioner may refile his federal <u>habeas</u> petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a federal <u>habeas</u> petition is limited. <u>See</u> 28 U.S.C. § 2244(d). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending, such as a state <u>habeas</u> petition. § 2244(d)(2).